The Honorable David R. Malone State Senator P.O. Box 1048 Fayetteville, AR 72701
Dear Senator Malone:
This is in response to your request for an opinion on the following question:
 Is an agency such as the University of Arkansas bound by the Uniform Compensation and Classification Act (State Pay Plan) in view of the status of the University of Arkansas under the Constitution of the state of Arkansas?
It must be initially noted that the University of Arkansas, as a state-supported institution of higher learning, is specifically excluded from the provisions of the Uniform Classification and Compensation Act. See A.C.A. 21-5-204(a)(5). Employees of such state-supported institutions are subject, instead, to the Higher Education Employee Classification and Compensation act. See A.C.A. 6-63-201, et seq.
If your question is whether an agency such as the University of Arkansas, meaning, I assume, a state-supported institution of higher education, is bound by the Higher Education Employee Classification and Compensation Act, it is my opinion that the answer is "yes".
Amendment 33 to the Constitution of Arkansas governs the boards and commissions charged with management and control of all charitable, penal or correctional institutions and institutions of higher learning in the state. The amendment specifies the term of office of each member, restricts the abolition or transfer of powers of the boards or commissions, prohibits the increase or decrease of the board or commission membership, and outlines the procedure for removing any board member and for filling vacancies. Neither Amendment 33 nor any other constitutional provision restricts the power of the General Assembly to establish a classification and compensation plan for employees of these higher education institutions.
This office has previously stated that the University of Arkansas is a creature of both the legislature and the state constitution. See Opinion No. 83-80, copy enclosed. And it must be recognized that the Arkansas Supreme Court has found the Constitution of Arkansas to be a restriction upon the otherwise supreme power of the legislature. See, e.g., McArthur v. Smallwood, 225 Ark. 328,333, 281 S.W.2d 428 (1955). In the absence of a constitutional provision which may reasonably be construed as restricting the General Assembly's power to enact the Higher Education Employee Classification and Compensation Act, we must cite in this instance to the following pronouncement of the Supreme Court in McArthur v. Smallwood, 225 Ark. at 333-334:
 Therefore, since the Constitution is a restriction upon the otherwise supreme power of the legislature rather than a grant of power to the legislature, there would appear to be no sound constitutional reason for nullifying the express legislative action in this particular.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.